**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRETT PALMI and CAROLYN PALMI,

      Plaintiffs,

v.                                                Case No:   6:24-cv-469-RBD-LHP

THE FIRST LIBERTY INSURANCE CORPORATION,

      Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' SHORT-FORM DISCOVERY MOTION TO OVERRULE DEFENDANT'S OBJECTIONS AND TO COMPEL BETTER ANSWERS TO FIRST SET OF INTERROGATORIES AND REQUEST TO PRODUCE AND TO COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED IN PRIVILEGE LOG (Doc. No. 24)**
>
> **FILED:** October 15, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In this property insurance coverage dispute, Plaintiffs Brett and Carolyn Palmi seek to compel Defendant The First Liberty Insurance Corporation to produce better responses to their First Set of Interrogatories and Request to Produce, and ask the Court to overrule Defendant's objections to same, including objections based on privilege/ work product.  Doc. Nos. 24; 24-1, at 5–27, Doc. No. 24-2, at 1–18, 23–56; Doc. No. 24-3. [1]  Specifically, Plaintiffs say that during conferrals on the discovery requests, Defendant agreed to produce an audio recording of Plaintiffs' recorded statement obtained during the claim investigation phase, but Defendant otherwise would not produce any other information specifically addressed and enumerated by Plaintiffs.  Doc. No. 24, at 3.  Those requests include complete responses to Interrogatories 5, 7, and 11, 14, and 15, as well as production of all documents objected to on privilege/work product grounds as discoverable and not subject to privilege/work product protections.  *See* Doc. No. 24-4, at 5–7; *see also* Doc. No. 24-2, at 1–18, 23–56; Doc. No. 24-3.  Plaintiffs also seek an award of fees and costs in bringing the motion.  Doc. No. 24, at 3.

---

[1] The motion also mentions and attaches First Request for Admissions.  *See* Doc. No. 24, at 2; Doc. No. 24-1, at 1–4; Doc. No. 24-2, at 19–22.  But Plaintiffs do not ask for any relief regarding the First Request for Admissions, *see* Doc. No. 24, so that discovery is not further addressed herein.

Defendant has not responded to the motion, and the time for doing so expired on October 21, 2024. *See* Doc. No. 16 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion); *see also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 16 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, Plaintiffs' motion (Doc. No. 24) is well taken. Plaintiffs' request for fees is also well taken because Federal Rule of Civil Procedure 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). While the Rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Defendant has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Short-Form Discovery Motion to Overrule Defendant's Objections and to Compel Better Answers to First Set of Interrogatories and Request to Produce and to Compel Production of Documents Identified in Privilege Log (Doc. No. 24) is **GRANTED**.

2. Within **fourteen (14) days** of the date of this Order, Defendant shall serve on Plaintiffs complete, amended, and verified answers to Plaintiffs' Interrogatories 5, 7, 11, 14, and 15.

3. Within **fourteen (14) days** of the date of this Order, Defendant shall produce to Plaintiffs all documents in its current possession, custody, or control responsive to Plaintiffs' Request to Produce and withheld on the basis of work product protection, to include the audio recording of Plaintiffs' recorded statement obtained during the claim investigation phase.

4. All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel. *See, e.g., Jackson v. Geometrica,*

*Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4. Within **fourteen (14) days** of the date of this Order, Plaintiffs and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Plaintiffs for the filing of the present motion. By this same deadline, the parties shall file a joint notice of the amount agreed upon. If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, Plaintiffs shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.

5. **Failure to comply with this Order may result in further sanctions.** *See* **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2024.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties