**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRETT PALMI and CAROLYN PALMI,

    Plaintiffs,

v.   Case No:   6:24-cv-469-RBD-LHP

THE FIRST LIBERTY INSURANCE CORPORATION,

    Defendant

**ORDER DIRECTING REPLY BRIEF**

This cause comes before the Court on review of Plaintiffs' Short-Form Discovery Motion to Overrule Defendant's Objections and to Compel Better Answers to First Set of Interrogatories and Request to Produce and to Compel Production of Documents Identified in Privilege Log (Doc. No. 24), and Defendant's Response (Doc. No. 32). Upon review, the Court finds reply briefing from Plaintiffs appropriate.

Specifically, Plaintiffs' motion never explicitly identifies the discovery at issue, and merely points to an email exchange between counsel regarding the issues Plaintiffs are seeking to resolve with regard to Interrogatories and Requests to

Produce.  Doc. No. 24, at 3; Doc. No. 24-4.[1]  Defendant interprets Plaintiffs' motion as addressing only Defendants' answers to Interrogatories 5, 7, 11, 14, and 15; the production of documents listed on Defendant's privilege log as covered by the work-product privilege; and the overruling of the work-product privilege objection (not to include documents covered by the attorney-client privilege).  Doc. No. 32, at 1.  Based on the email exchange, the Court interprets the motion the same as Defendant, *see* Doc. No. 24-4, but will require Plaintiffs to clarify this issue.  In addition, Plaintiffs' motion also says that Defendant agreed to produce Plaintiffs' recorded statement (via transcript and/or audio recording) and did not.  Doc. No. 24, at 3.  In response, Defendant attaches a transcript of what appears to be the recorded statement.  Doc. No. 32-1, at 12–65.  Accordingly, this issue appears to be moot, but Plaintiffs' reply shall address whether they agree.  Finally, the Court finds a reply brief directed to certain targeted issues raised by Defendant's Response appropriate.  *See* Doc. No. 16 ¶ 6.

Accordingly, it is **ORDERED** that within **seven (7) days** of the date of this Order, Plaintiffs shall file a reply brief, not to exceed **ten (10) pages** in length.  The reply shall:

---

[1] The motion also mentions and attaches First Request for Admissions.  *See* Doc. No. 24, at 2; Doc. No. 24-1, at 1–4; Doc. No. 24-2, at 19–22.  But Plaintiffs do not ask for any relief regarding the First Request for Admissions, *see* Doc. Nos. 24, 24-4, so that discovery is not further addressed herein.

1. Include an explicit recitation as to what discovery is at issue in Plaintiffs' motion, and whether Plaintiffs agree with the Court's interpretation that Plaintiffs are seeking compliance with regard to only Interrogatories 5, 7, 11, 14, and 15, and the production of documents listed on Defendant's privilege log as covered by the work-product privilege/overruling objections based on the work-product privilege (and excluding attorney-client privilege objections).

2. State whether the issue with regard to production of Plaintiffs' recorded statement (via transcript and/or audio recording) is now moot.

3. Address the issues raised by Defendant's response, to specifically include: (a) Defendant's assertion that the date of referral of the claim to the Special Investigation Unit ("SIU") is the date that it anticipated litigation, and Defendant's interpretation of work-product protections that any documents produced or created on or after May 2, 2023 do not have to be produced due to work-product privilege; (b) Defendant's assertion that it has served amended answers to Interrogatories 5, 7, 11, and 15 and that has resolved those issues in Plaintiffs' motion; (c) Defendant's objection to Interrogatory 14; and (d) any other issue raised by Defendant's response that Plaintiffs deem appropriate for resolution of their motion.

**DONE** and **ORDERED** in Orlando, Florida on October 31, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties