# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRETT PALMI and CAROLYN
PALMI,

        Plaintiffs,

v.                                   Case No:   6:24-cv-469-RBD-LHP

THE FIRST LIBERTY INSURANCE
CORPORATION,

        Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' SHORT-FORM DISCOVERY MOTION TO OVERRULE DEFENDANT'S OBJECTIONS AND TO COMPEL BETTER ANSWERS TO FIRST SET OF INTERROGATORIES AND REQUEST TO PRODUCE AND TO COMPEL PRODUCTION OF DOCUMENTS IDENTIFIED IN PRIVILEGE LOG (Doc. No. 24)**
>
> **FILED:**       October 15, 2024
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I.    INTRODUCTION.

In this insurance coverage dispute, Plaintiffs move to compel Defendant to produce documents listed on Defendant's privilege log and to overrule Defendant's work-product-privilege objections to production of same, to compel Defendant to provide better answers to Plaintiffs' Interrogatories 5, 7, 11, 14, and 15, and to produce Plaintiffs' recorded statement.   Doc. No. 24; *see also* Doc. No. 37, at 2 (clarifying that Plaintiffs' motion only relates to this particular discovery). Plaintiffs also seek to recover their fees and costs for bringing the motion under Federal Rule of Civil Procedure 37.   Doc. No. 24, at 3; Doc. No. 37, at 9.   Defendant opposes, for the most part, except that after the filing of the motion, Defendant served amended answers to Interrogatories 5, 7, 11, and 15, and produced the recorded statement to Plaintiffs.   Doc. No. 32, at 3; Doc. No. 32-1, at 12–65; *see also* Doc. No. 37.

Upon consideration, and based on Plaintiffs' statements in reply, the motion to compel (Doc. No. 24) is moot with regard to production of the recorded statement.   *See* Doc. No. 37, at 2.   As to Interrogatories 5, 7, 11, and 15, the motion is also moot at this time, as Plaintiffs only speculate that documents withheld based on privilege and production of same will require Defendant "to answer these interrogatories more completely."   *See id.* at 7.   Thus, the only issues remaining for resolution by the Court at this time are: (1) the production of documents listed on

Defendant's privilege log (Doc. No. 34); (2) Interrogatory 14; and (3) Plaintiffs' request for fees and costs.

## II.    PRIVILEGE LOG.

Plaintiffs seek to compel Defendant to produce documents Defendant listed on its privilege log as work product.   Doc. No. 24; Doc. No. 24-4, at 6–7; Doc. No. 37, at 3–7.[1]   Defendant's privilege log has been filed on the record, and was served on June 24, 2024.   Doc. No. 34, at 3–6.

Generally speaking with regard to work-product protections in insurance coverage cases:

> Rule 501, Federal Rules of Evidence, provides that a state's law of privilege governs in federal diversity cases, the work-product privilege is a limitation on discovery in federal cases and, thus, federal law provides the primary decisional framework.   *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990).   Work product protection applies to "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."   Fed. R. Civ. P. 26(b)(3)(A). . . .   [T]he party asserting a privilege bears the burden of demonstrating that the privilege applies.   *E.g. Tyne* [*v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002)].
>
> The work-product privilege was not intended to protect materials prepared in the ordinary course of business, such as factual

---

[1] As made clear by Plaintiffs' reply brief, Plaintiffs are not asking the Court to address any objections based on attorney-client privilege.   *See* Doc. No. 37, at 2.   Thus, this Order does not address the application of the attorney-client privilege, nor does it require production of any materials Defendant claims to be covered by that privilege.

investigations prepared by insurance companies, from general discovery. *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Grp.*, Case No. 5:03–cv–420–Oc–10GRJ, 2004 WL 5215191, at *2 (M.D. Fla. Sept. 10, 2004) (citing *Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Co.*, 123 F.R.D. 198, 202 (M.D.N.C. 1988)). While there is no bright-line rule in the insurance context marking the boundary between documents protected under the work-product privilege and documents produced in the ordinary course of business, courts in this District have concluded that <u>the date insurance coverage is denied is generally the boundary between documents that are generated under the work-product privilege and those discoverable as produced in the ordinary course of business</u>. *Amerisure Mut. Ins. Co. v. Crum & Forester Specialty Ins. Co.*, Case No. 2:12–cv–443–FtM–29CM, 2014 WL 1689275, at *3 (M.D. Fla. Apr. 29, 2014); *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1337 (M.D. Fla. 2007); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, Case No. 6:04–cv–1838–Orl–22JGG, 2006 WL 1733857, at *2 (M.D. Fla. June 20, 2006); *Cutrale*, 2004 WL 5215191, at *2.

*Daytona Beach Riverhouse, Inc. v. Chubb Custom Ins. Co.*, No. 6:13-cv-1461-Orl-22GJK, 2014 WL 12610222, at *3 (M.D. Fla. June 19, 2014) (emphasis added).

However, courts have found the presumption that the date of coverage denial is the date the insurer anticipated litigation to be rebuttable. *See Cape Christian Fellowship, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-cv-410-JLB-NPM, 2021 WL 1293611, at *4 (M.D. Fla. Apr. 7, 2021) ("[I]n the insurance context, 'there is a rebuttable presumption that documents prepared prior to a claim's denial were not created in anticipation of litigation, and conversely, those created after were.'" (quoting *Judith Redden Tr. v. Lincoln Nat'l Life Ins. Co.*, No. 13-cv-81017, 2014 WL 12461357, *2 (S.D. Fla. Aug. 26, 2014))). "An insurance carrier may rebut this presumption by specific evidentiary proof of objective facts, that a reasonable

anticipation of litigation existed when the document was produced," which is determined on a case-by-case basis. *Id.* (citation and quotation marks omitted). "Courts have generally found the relevant cutoff should be the moment at which the insurer definitively decided to deny coverage." *Id.* (citation omitted).[2]

Here, Plaintiffs say that they learned for the first time through Defendant's response to the motion to compel that with respect to these documents, Defendant claims that it anticipated litigation on May 2, 2023 and thus that Defendant contends documents created on or after that date are covered by work-product protections. Doc. No. 37, at 3–4.   Plaintiffs argue that Defendant's privilege log is deficient, Plaintiffs "suspect" that the information listed on the privilege log directly relates to the insurance coverage determination, and the appropriate date for "anticipation of litigation" is the date that coverage was denied.   Doc. No. 24; Doc. No. 24-4, at 6; Doc. No. 37, at 4–6.   And even if the May 2, 2023 date were the correct "anticipation of litigation" date, Plaintiffs point out that no entries on the privilege

---

[2] The Court notes that materials covered by work product protections may be discovered if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."   Fed. R. Civ. P. 26(b)(3)(A)(ii).   Plaintiffs make no such argument here.   Doc. Nos. 24, 37.

log specifically post-date that date.   Doc. No. 37, at 6–7.   So, Plaintiffs ask for an order requiring production of all of the listed materials.   Doc. Nos. 24, 37.[3]

In response, Defendant says that it referred the claim to a Special Investigation Unit ("SIU"), the SIU took Plaintiffs' recorded statement on May 2, 2023, and that May 2, 2023 was the date that it anticipated litigation.   Doc. No. 32, at 1–2.   In support, Defendant submits the Affidavit of John Tucker, its corporate representative.   Doc. No. 32-1.   Mr. Tucker details Defendant's handling of the claim through May 2, 2023, the referral to the SIU due to "multiple inconsistencies" in Plaintiffs' claims, and the taking of Plaintiffs' recorded statements on May 2, 2023 by the SIU, which investigation "was above and beyond an investigation limited to the existence of coverage for the loss, and if covered, the amount of money necessary to return the property to pre-loss condition."   *Id.* at 2–9.   So, Defendant claims work-product protections for documents "produced on or after May 2,

---

[3] For the first time in their reply brief, Plaintiffs alternatively request the Court conduct an *in camera* inspection as to whether any of the listed materials are privileged. Doc. No. 37, at 7.   The Court does not consider this argument for two reasons.   First, "[t]he Court does not consider arguments raised for the first time on reply."   *Connectus LLC v. Ampush Media, Inc.*, No. 8:15-cv-2778-T-33JSS, 2017 WL 2620541, at *8 (M.D. Fla. June 16, 2017) (quoting *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'" (citations omitted)).   Second, as set forth below, the Court will be requiring production of materials from prior to May 2, 2023, and an amended privilege log from Defendant as to the remainder, and thus, the Court finds any request for *in camera* inspection premature at this time.

- 6 -

2023." Doc. No. 32, at 2. Plaintiffs do not address Mr. Tucker's affidavit in reply. Doc. No. 37.

On review, given Mr. Tucker's affidavit and Plaintiffs' silence regarding this affidavit in reply, the Court will accept for purposes of this Order only that May 2, 2023 was the date that Defendant anticipated litigation. [4] *See, e.g.*, *Palmer v. Westfield Ins. Co.*, No. 5:05-cv-338-Oc-10GRJ, 2006 WL 2612168, at \*3 (M.D. Fla. June 30, 2006) (majority of documents generated as part of investigation by SIU produced in anticipation of litigation); *see also Paige v. Charter Oak Fire Ins. Co.*, 2011 U.S. Dist. LEXIS 163277, \*6 (N.D. Ga. Dec. 1, 2011) (date defendant anticipated litigation was date of referral to member of SIU based on a preliminary determination that there were discrepancies); *Carver v. Allstate Ins. Co.*, 94 F.R.D. 131, 135 (S.D. Ga. 1982) (when referred for investigation in anticipation of litigation, work-product protections applied).

That does not end the Court's analysis, however, because, as Plaintiffs point out, with the exception of two entries, Defendant's privilege log fails to provide

---

[4] As set forth below, the Court will be ordering production of an amended privilege log from Defendant for any documents claimed to privileged and created/produced on or after May 2, 2023. Plaintiffs are free to renew their motion, as appropriate, after service of the amended privilege log and after conferral with Defendant as to any specific documents listed on the amended privilege log dated on or after May 2, 2023, which they claim are not covered by work-product protections, or that they argue should be produced even over Defendant's work-product-protection objection.

dates for the majority of the documents it seeks to protect, and the only two dates it does provide pre-date May 2, 2023.  *See* Doc. No. 34, at 4–5 (containing 8 entries, stating "various" for dates on 6 entries, stating "3/23/23 – present" for 1 entry, and stating 4/10/23 for 1 entry).  Indeed, Defendant's privilege log wholly fails to comply with Federal Rule of Civil Procedure 26(b)(5)(A) as well the undersigned's Standing Order on Privilege Logs.  *See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.  Specifically, Defendant was required to provide the following information:

> a. The name and job title or capacity of the provider of the information or author of the document;
>
> b. The name and job title or capacity of each recipient of the information or document;
>
> c. The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);
>
> d. The title and/or description of the information or document;
>
> e. The subject matter addressed in the information or document;
>
> f. The purpose(s) for which the information or document was prepared or communicated;

g. The degree of confidentiality with which the information or document was treated at the time of its creation and transmission, and since; and

h. The specific basis for the claim that it is privileged or protected.

*See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1. Defendant's privilege log is missing most of this information.   *See* Doc. No. 34, at 3–6.

Accordingly, it is not clear at this time the specific documents created on or after May 2, 2023 Defendant is alleging to be covered by work-product protections, nor whether each of the documents on the privilege log pre-date or post-date May 2, 2023.   Given Defendant's position that May 2, 2023 is the date it anticipated litigation, Plaintiffs' motion will be granted in part, to the extent that Defendant will be ordered to produce all documents listed on the privilege log that pre-date May 2, 2023.   As to documents produced on or after May 2, 2023, Defendant will be required to serve on Plaintiffs an amended privilege log in full compliance with Federal Rule of Civil Procedure 26(b)(5)(c) as well the undersigned's Standing Order on Privilege Logs, as more fully set forth below.   *See Foodonics Int'l, Inc. v. Srochi*, No. 3:17-cv-1054-J-32JRK, 2020 WL 9670613, at *4 (M.D. Fla. Mar. 20, 2020) ("Where a privilege log fails to meet the [necessary] standards, one remedy is to require the party claiming the privileges to amend the log to include adequate information, rather than to impose the remedy of wholesale waiver." (citation

omitted)).   After review of the amended privilege log and upon conferral with Defendant as required by the Standing Order, Local Rules, and Federal Rules of Civil Procedure, Plaintiffs may renew the motion, as appropriate, with regard to any outstanding documents claimed to be covered by work-product protections and to which Plaintiffs claim the protections do not apply, or for which documents Plaintiffs contend should be produced over Defendant's work-product-privilege objection.

## III.    INTERROGATORY 14.

Interrogatory 14 and Defendant's answer thereto provide:

With regard to any third parties who provided services, analyses, adjusting, or otherwise rendered opinions to you in adjusting this claim, please identify:

a. The name of the individual who hired the third party on behalf of your company; and

b. The date and nature of the services provided by the third party; and

c. Each case in which the third party has been retained by you and for any purposes during the past three years; and

d. The amount of money that the third party has been paid by you during the past three years; and

e. Please state the taxpayer identification numbers for both you and the third party.

Response: First Liberty objects to this request because expert witness disclosures have not been made in this case and Defendant is currently unaware of its testifying expert witnesses to be used at trial.

Federal Rule of Civil Procedure 26(a)(2)(B)(v) and (vi) requires identified experts to disclose information relevant to bias. *See Quiterio v. Qbe Specialty Ins. Co., No. 8:16-cv-1895-T-35JSS, 2019 U.S. Dist. (M.D. Fla. Nov. 8, 2019)*. Therefore, the extensive financial bias discovery at issue is not proportional to the Plaintiff's needs in this case.

Doc. No. 37, at 29–30.

Plaintiffs maintain that the information is relevant to witness bias, while Defendant claims that because expert disclosures have not been made, the "extensive financial bias discovery" is not proportional to the needs of this case. Doc. No. 24; Doc. No. 24-4, at 6; Doc. No. 32, at 3.   In reply, Plaintiffs also contend that because in answers to Interrogatories 5, 6, 10 Defendant listed specific entities that it retained regarding the claims in this case—Markham Services, Rytech of North Orlando – Rytech North Florida Inc, SDII Global, and ISG—they are entitled to bias information as it relates to the relationship between Defendant and these specific entities.   Doc. No. 37, at 8–9; *see also id.* at 21–27.

Upon consideration, the motion will be granted as to Interrogatory 14, as limited by Plaintiffs in reply as to entities Markham Services, Rytech of North Orlando – Rytech North Florida Inc, SDII Global, and ISG.[5]   *See, e.g., Elite Mitigation*

---

[5] The Interrogatory answers list three additional entities—Trust Public Adjusters LLC, Loss Restorations LLC, and Eurofins EPK Built Environment testing LLC.   Doc. No. 37, at 21–27.   But because Plaintiffs do not address these entities in their briefing, the Court declines to order any production regarding same.

*Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6122069, at *2–4 (N.D. Fla. Apr. 10, 2020) (finding similar information by interrogatory discoverable as relevant to bias); *see also Norfolk v. Comparato*, No. 11-81120-CIV, 2012 WL 3055675, at *3 (S.D. Fla. July 12, 2012) (bias discovery appropriate with regard to persons not yet retained as experts but who would likely be fact witnesses).

## IV.    FEES.

Upon review of the docket in this case, to include the motion, response, and reply, as well as Court Orders entered in relation thereto, the Court declines to enter any sanction award at this time, finding that an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).   However, the Court may be inclined to entertain a fee award with regard to future motions, Fed. R. Civ. P. 37(a)(5)(A), and the parties are cautioned that failure to comply with this Order may also result in sanctions. *See* Fed. R. Civ. P. 37(b).

## V.    CONCLUSION.

For the reasons stated herein, it is **ORDERED** as follows:

1.    Plaintiffs' Short-Form Discovery Motion to Overrule Defendant's Objections and to Compel Better Answers to First Set of Interrogatories and Request to Produce and to Compel Production of Documents Identified in Privilege Log (Doc. No. 24) is **GRANTED in part**.

2.     Within **seven (7) days** of the date of this Order, Defendant is **ORDERED** to produce to Plaintiffs all documents listed on its privilege log that were created/produced before May 2, 2023.   *See* Doc. No. 34, at 3–6.

3.     Within **seven (7) days** of the date of this Order, Defendant is **ORDERED** to serve on Plaintiffs an amended privilege log in full compliance with Federal Rule of Civil Procedure 26(b)(5)(c) as well the undersigned's Standing Order on Privilege Logs as to any documents created/produced on or after May 2, 2023.   *See In Re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (M.D. Fla. June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.   After review of the amended privilege log and upon conferral with Defendant as required by the Local Rules and Federal Rules of Civil Procedure, Plaintiffs may file a renewed motion, as appropriate, with regard to any outstanding documents claimed to be covered by work-product protections and to which Plaintiffs claim the protection does not apply, or as to documents Plaintiffs contend should be produced over Defendant's work-product-privilege objection.

4.     Defendant's objections to Interrogatory 14 are **OVERRULED**, and within **seven (7) days** of the date of this Order, Defendant shall serve on Plaintiffs an amended response to Interrogatory 14, limited to entities

Markham Services, Rytech of North Orlando – Rytech North Florida Inc, SDII

Global, and ISG.

5.      Plaintiffs' motion (Doc. No. 24) with regard to production of the

recorded statement and Interrogatories 5, 7, 11, and 15 is **DENIED as moot**.[6]

6.      Plaintiffs' motion (Doc. No. 24) is **DENIED in all other respects**.

7.      Failure to comply with this Order may result in sanctions.   Fed. R. Civ.

P. 37(b).

**DONE** and **ORDERED** in Orlando, Florida on November 12, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] Again, to the extent that after production of an amended privilege log Plaintiffs contend that interrogatory answers must be supplemented/amended, Plaintiffs may revisit this issue, as appropriate, after conferral with Defendant.

- 14 -